**ALD-230**                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———————

No. 15-3988
———————

ALONZO HODGES,
Appellant

v.

SHELLY MANKEY, Unit Manager; SUPERINTENDENT FAYETTE SCI;
JOSEPH TREMPUS, Intelligence Captain; DORINA VARNER,
Chief Secretary's Office of Inmate Grievances & Appeals
————————————————————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-13-cv-01600)
Magistrate Judge: Honorable Maureen P. Kelly
————————————————————

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 21, 2016

Before: AMBRO, SHWARTZ and NYGAARD, Circuit Judges

(Opinion filed June 2, 2016)
————————

OPINION[*]
————————

PER CURIAM

———————————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Alonzo Hodges ("Hodges") appeals from the judgment of the United States District Court for the Western District of Pennsylvania in his civil rights case.[1]  As the appeal does not present a substantial question, we will summarily affirm the order of the District Court.

I.

Hodges is a Pennsylvania state prisoner currently housed at SCI-Albion and formerly housed at SCI-Fayette.  He was transferred from SCI-Fayette because he obtained a staff member's confidential information, and filed a lawsuit alleging that: (1) the transfer was retaliatory and violated his First Amendment rights; (2) a search of his cell violated his Fifth Amendment rights; and (3) the transfer and resulting loss of pay violated his Fourteenth Amendment due process rights.  He named Superintendent Coleman ("Coleman") and Shelly Mankey ("Mankey") as defendants.[2]  The parties filed summary judgment motions, and the District Court denied Hodges' motion and granted the defendants' motion, holding that Hodges had not pointed to facts showing that Coleman and Mankey were personally involved in his transfer.  Hodges timely appealed.

II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the District

---

[1] The parties consented to have the case heard by Magistrate Judge Kelly.  See 28 U.S.C. 636(c)(1).

[2] Two other defendants were previously dismissed from the case with prejudice.

Court's order granting summary judgment,[3] see Wiest v. Tyco Elecs. Corp., 812 F.3d 319, 327-28 (3d Cir. 2016), and over the District Court's denial of summary judgment, see Transportes Ferroes de Venezuela II CA v. NKK Corp., 239 F.3d 555, 560 (3d Cir. 2001).  A district court may grant summary judgment only when the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  When making this analysis, a district court must credit the evidence of the non-moving party, and draw all justifiable inferences in the non-movant's favor.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  A mere "scintilla of evidence in support of the [non-moving party]'s position will be insufficient" to create a genuine issue of fact.  Id. at 252.  The non-moving party must point to specific factual evidence to show a genuine dispute over a material fact.  See Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 218 (3d Cir. 2015).

The District Court correctly decided that Hodges had failed to point to facts showing that Coleman and Mankey were personally involved in his transfer.  Defendants in civil rights actions "must have personal involvement in the alleged wrongs"; any liability cannot be based only on respondeat superior.[4]  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  A plaintiff may demonstrate defendants' personal involvement by describing their participation in, or their knowledge of and acquiescence in, the wrongful conduct.  See Chavarriaga, 806 F.3d at 222.  While knowledge may be

[3] We may summarily affirm a decision of the District Court if the appeal does not raise a substantial issue.  3d Cir. LAR 27.4; I.O.P. 10.6.

[4] "A superior is responsible for any acts of omission or commission by a person of less responsibility to him."  Respondeat Superior, The Law Dictionary (Apr. 14, 2016, 2:16 P.M.), http://thelawdictionary.org/respondeat-superior/.

inferred from a case's circumstances, it must be actual, not constructive, and a plaintiff must describe "'specific conduct by state officials which violates some constitutional right.'" Id. (quotation omitted).

Here, the District Court noted that "[t]he documents to which [Hodges] cites do not support his claim of Defendant Mankey's involvement in [Hodges]'s transfer[,]" and that Mankey's name did not appear in those documents. Dkt. # 69 at 5. The District Court also noted that Mankey appears to have been the staff member whom Hodges obtained information about, and that he was transferred for that reason. Hodges argues before us that because the basis for his transfer was that he obtained confidential documents about Mankey and put her in jeopardy, that necessarily demonstrates her involvement. This argument is unavailing because it confuses personal involvement with personal information. Even viewing the record in the most favorable light to Hodges, the record does not include sufficient evidence to raise a genuine dispute about Mankey's personal involvement in his transfer. See Chavarriaga, 806 F.3d at 222.

In addition, the District Court determined that "[Hodges] has not made any showing as to what the specific action was and when it was taken," and that he did not point to any evidence to show that Coleman had either directed that the transfer occur or that he had actual knowledge of and acquiesced to the transfer. Hodges argues before us that "[t]he question remains that Coleman could still have given orders for the deputy to sign for my transfer[,]" but he presented no evidence – and the record is devoid of evidence – to show either scenario. The defendants provided an affidavit from Coleman stating that he was not present when prison officials decided to transfer Hodges, and that

4

the deputy superintendent, as his designee, approved the transfer. Even viewing the record in the most favorable light to Hodges, the evidence does not raise a genuine dispute about Coleman's personal involvement in his transfer. See Chavarriaga, 806 F.3d at 222.

Finally, the District Court did not explicitly discuss Hodges' two other claims, but implicitly decided them in granting the defendants' motion for summary judgment in its entirety. Hodges' "Fifth Amendment" claim is properly considered under the Fourth Amendment, which governs searches and seizures. See Hudson v. Palmer, 468 U.S. 517, 522-23 (1984). As a matter of law, prisoners do not have legitimate expectations of privacy in their cells giving rise to a Fourth Amendment claim against unreasonable searches and seizures. Id. at 525-26; United States v. Donahue, 764 F.3d 293, 299 (3d Cir. 2014). This claim is accordingly meritless. Hodges First Amendment claim also fails because the evidence does not show his grievance filings were a substantial or motivating factor in the decision to transfer him.

Ultimately, Hodges did not point to any facts actually raising a genuine issue of fact regarding the defendants' personal involvement. Accordingly, the defendants were entitled to summary judgment. For the reasons stated above, we will summarily affirm the District Court's decision.